(48 Misc. Rep. 399.)

### REISMAN v. SILVER et al.

(Supreme Court, Appellate Term. November 10, 1905.)

**1. PARTNERSHIP—MEMBERS OF FIRM—EVIDENCE.**

In an action against a partnership for breach of a contract of employment, plaintiff's testimony that, when he was employed, a member of the firm introduced him to other members, saying, "These are the two other members," was not sufficient to counterbalance the positive testimony of one of defendants that another person, not made a party defendant, was also a member.

**2. ESTOPPEL—RELIANCE ON REPRESENTATIONS.**

The doctrine of estoppel in pais by conduct or words is not applicable, unless the party to whom the representations were made relied upon them and shaped his conduct thereby.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Estoppel, §§ 230–234.]

**3. PARTNERSHIP—ESTOPPEL TO ALLEGE PARTNERSHIP WITH THIRD PERSON.**

Where members of a firm are sued for breach of a contract of employment, they are not estopped to plead a defect of parties defendant, in that another person is a member, although at the time of the contract statements were made to plaintiff by one member that he and defendants were the only members.

Appeal from City Court of New York.

Action by Philip Reisman against Stanley L. Silver and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Bernard Edelhertz, for appellants.

Engel, Engel & Oppenheimer (J. B. Engel, of counsel), for respondent.

SCOTT, P. J. Plaintiff sues for a wrongful discharge from the employ of the firm of S. L. Silver & Co., of which, as he alleges, the defendants are the sole copartners. The evidence that a contract for any definite time was ever made is of the slightest; but there was, perhaps, enough to hold a verdict upon.

The main defense relied upon is that there is a defect of parties defendant, in that one Joseph A. Rink was a copartner when the alleged agreement was made and when the alleged breach occurred. The issue was fairly tendered by the answer and submitted to the jury as one of the questions to be decided by them; the justice correctly charging that, if Rink was a member of the firm, the action could not be maintained against his copartners alone. The only positive evidence upon the point was that of the defendant Rendigs, who swore that Rink was a copartner and was still living. The plaintiff testified that, when he was employed, one Weiss, then a copartner, introduced him to the defendant Silver and one Strauss, and said, "These are the two other members of the firm." Weiss afterwards retired from the firm, and Rendigs took the place of Strauss, who also retired. The testimony is absolutely all that plaintiff relies upon to maintain the contention that Rink was not a member of the firm. It is not easy to see that it has any probative

force whatever on this question, and it certainly does not counterbalance the positive evidence on the part of the defendants. The court, however, charged the jury as follows:

"If, at the time of the original conversation with Weiss, he [Weiss] in the presence of Strauss and Silver said, 'These are the other two members of the firm,' and represented to the plaintiff that they constituted the firm, it was a partnership by estoppel, and it matters not whether Rink was a member of the firm or not."

This charge was duly excepted to and constitutes clear error. The question at issue presented no ground for the application of the doctrine of estoppel. If either Silver or Strauss were seeking to avoid all liability to plaintiff, on the ground that they or one of them were not members or a member of the copartnership when plaintiff was employed, the charge might have been sustained. The authorities cited by the respondent go only to this length. The defendants do not, however, present this defense. They concede that Silver and Strauss were members of the firm, but say that Rink was also a member. They do not seek to avoid responsibility on the ground of nonpartnership, but merely say that, if liable, they are jointly liable with Rink. If Weiss had said in distinct terms, "No one but Silver and Strauss and myself are members of the firm," he would not have estopped himself or Strauss or Silver from asserting, when sued, that Rink was also a member and jointly liable with the other partners. The doctrine of an estoppel in pais is that where a party, by conduct or words, represents one state of facts, knowing or intending that the other party will or shall rely upon them as true, and shape his conduct by them, which representations are untrue, the party making them shall not thereafter be allowed to show their untruth or contradict the statement of fact by which he induced the action of the other party. Harbeck v. Pupin, 145 N. Y. 79, 39 N. E. 722. It is essential to the application of the rule that the party to whom the statement is made shall rely upon it and shape his conduct thereby. It is conceivable that plaintiff might have been unwilling to enter upon a contract unless both Silver and Strauss were members of the firm and therefore responsible to him, and consequently it may well be that, assuming plaintiff's evidence to be true, Silver and Strauss would be held to be estopped to deny their membership in the firm. It is not conceivable, however, that plaintiff was led to make his engagement because only Weiss, Silver, and Strauss, and no one else, were members of the firm, and consequently they are not now estopped to plead that Rink was also a member. The statement said to have been made by Weiss might have greatly influenced the terms upon which plaintiff should have been allowed to amend or discontinue, when he was apprised by the defendants' answer that Rink was a copartner and therefore jointly liable with them; but it could not properly be used as an estoppel to prevent the plea in bar interposed. The error was serious, and probably led to the verdict, since there was no credible evidence in the case to contradict the positive proof of Rink's copartnership.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.